NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 28, 2014
Decided March 28, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-2374

| | |
|---|---|
| ZHAOLI CHEN, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A089 697 473 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent*. | |

## O R D E R

Zhaoli Chen, a Chinese national, applied for asylum based on his fear that the Chinese government would persecute him because of his participation in underground church activity in China. That application was denied, and Chen now petitions for review, focusing largely on the immigration judge's adverse credibility finding. We deny the petition for review.

Chen, who is from Hunan province in central China, came to the United States in 2007 on a three-month business visa and overstayed. One year later, he applied for asylum, withholding of removal, and protection under the Convention Against Torture. In his application, which was prepared with the assistance of the same attorney who represents him in this petition, he expressed his fear that the Chinese government would persecute him based upon his Christian faith. In a written statement accompanying his application, Chen explained that he was introduced to Christianity on Christmas day in 2005 when a friend, Wei Li, invited him to a secret house church. Thereafter, he continued to attend such home-based gatherings, which were devoted primarily to Bible study. In March 2007 police interrupted one such gathering, arrested those present, and took them in for questioning. According to Chen, police told him that he would be released if he would divulge the group leader's name, but he refused and was struck by a "police stick." Chen said that the police threatened to send him to a labor camp if he was "caught again." Chen also submitted a letter from Wei Li generally corroborating his account.

At his hearing in 2011 before the IJ, Chen significantly expanded upon his 2007 run-in with the police. He testified that after being brought to the police station, he was locked overnight in a small room and interrogated the following morning while shackled to a chair. After he refused to identify the house-church leader, he said that one policeman used a cigarette butt to burn his wrist and that another policeman took a pair of handcuffs and smashed them against his head, causing him to bleed. The IJ noted the expansiveness of Chen's testimony, and pressed him to clarify whether he was beaten at any time. Chen replied that he was not beaten at any time other than the interrogation. When the IJ pointed out that his testimony conflicted with the information in his application, Chen stated that his memory was "a little blurred now" and that police may have hit him with a baton when they forced church attendees into a police van.

The IJ denied Chen's asylum application, in large part because she had "some concerns" about his credibility. The IJ was "troubled" by the omission of "significant information" from Chen's written statement about which he later sought to testify—details about being taken to the police station, locked overnight in a small and dark room, handcuffed to a chair during the interrogation, burned by a cigarette butt, and hit on the head with a pair of handcuffs. The IJ also was troubled by certain inconsistencies between Chen's oral testimony and written statement, which limited the description of the harm he suffered to being "beaten by a police stick." The IJ also found

troubling Chen's inability to recall the names of any churches he had attended since arriving in the United States, despite claiming to have fled China so that he could worship freely. These problems "diminish[ed] the persuasiveness of the respondent's testimony" in the IJ's eyes, leading her to require additional evidence to corroborate Chen's claim of persecution. The IJ found no evidence, however, to corroborate key aspects of his case, even though she believed that he reasonably could have obtained corroboration from his wife, fellow house-church members, or even fellow congregants in the United States. The IJ's ruling was upheld by the Board of Immigration Appeals, which deemed the IJ's credibility concerns "reasonable" and her demand for corroboration "proper[]."

In this petition for review, Chen first challenges the IJ's credibility determination and particularly her concerns about the significance of the inconsistencies between his oral testimony and written statement. But as the IJ and the Board noted, these inconsistencies are not trivial; they concern the core of his asylum claim—the harm he alleged to suffer while in police custody. Chen's inability to relate a consistent narrative about the only event in which he personally was targeted is sufficient reason for the IJ to doubt the veracity of his testimony. *See Hassan v. Holder*, 571 F.3d 631, 639 (7th Cir. 2009) (adverse credibility finding upheld because asylum application omitted events "neither critical nor trivial" to asylum claim that petitioner later testified to); *Soumare v. Mukasey*, 525 F.3d 547, 553 (7th Cir. 2008) (adverse credibility finding upheld based upon conflicting testimony about the one incident in which petitioner was subject to physical mistreatment); *Tarraf v. Gonzales*, 495 F.3d 525, 533 (7th Cir. 2007) (adverse credibility finding upheld based upon testimonial discrepancies about one of only two events in which petitioner was targeted).

Chen also asserts that the omissions in his written statement resulted from the stress of rushing to submit the asylum application before the one-year deadline. But because Chen prepared the statement with the assistance of counsel, the IJ was justified in discounting that excuse. *See Soumare*, 525 F.3d at 553 ("The IJ reasonably did not credit Soumare's explanation for his conflicting testimony . . . because Soumare prepared his second asylum application with the assistance of counsel.").

Chen next argues that the IJ demanded corroborating evidence that was unavailable to him, and wrongly discounted the corroboration he was able to provide. But Chen submitted only a single piece of corroborating evidence: a cursory statement from Wei Li, a fellow Chinese Christian, noting that both he and Chen were arrested at a house-church meeting in March 2007 and "interrogated" by local police. Wei Li's

statement says nothing about any detention or the abusive nature of any interrogation, and corroborates none of the significant details of Chen's testimony. And Chen adduces nothing to suggest that a reasonable trier of fact would be compelled to conclude that any other requested corroboration was unavailable. *See* 8 U.S.C. § 1252(b)(4).

Accordingly, the petition for review is DENIED.